UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH PAUL COUNTS, | ) |
| Plaintiff | ) ) ) |
| v. | ) 1:24-cv-00361-JAW ) |
| STATE OF MAINE, et al., | ) ) |
| Defendants | ) ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that he was wrongfully convicted of a crime in state court. (Complaint, ECF No. 1.) Plaintiff has joined the State of Maine, the Maine Attorney General, and a district attorney as defendants.

In addition to his complaint, Plaintiff filed an application to proceed without the prepayment of the filing fee (ECF No. 2), which application the Court granted. (Order, ECF No. 3.)[1] Pursuant to the statute that governs matters filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

---

[1] Plaintiff was incarcerated when he filed the complaint. He evidently has been released from custody and has filed another motion to proceed without prepayment of the fees. (Motion, ECF No. 10.) The Court grants the motion.

## FACTUAL ALLEGATIONS

Plaintiff alleges that he was convicted of a crime in state court and has "tried to remedy it several times to no avail." (Complaint at 3.) He further asserts that he was subsequently wrongfully charged with a crime based on the prior wrongful conviction. (*Id*.) He represents that while the wrongful conviction was corrected, he continues to experience consequences from the conviction, which he is attempting to address through a state court post-conviction relief proceeding. (*Id*.) Plaintiff asserts that he has suffered multiple losses for which he should be compensated. (*Id*.)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's claims follow and appear to challenge in some way a state court conviction. The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted); s*ee generally*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The proper avenues for attacking a criminal judgment are a direct appeal or pursuant to a habeas corpus petition. *See, e.g., Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (attacks on criminal convictions may be resolved only on direct review or through a habeas

petition); *see also Heck v. Humphrey*, 512 U.S. 477 (1994).  Consistent with this principle, Plaintiff has apparently commenced a collateral attack proceeding in state court.

In *Heck*, the Supreme Court held that a state prisoner could not maintain a claim under 42 U.S.C. § 1983 for damages where he alleged that his arrest, trial, and conviction were unconstitutional because an award of damages on such a claim would implicitly invalidate the conviction.  Because the plaintiff challenged his conviction, the Supreme Court determined that the plaintiff must first obtain relief from the conviction through state or federal habeas proceedings, or similar proceedings, before seeking a remedy under § 1983.  *Id.* at 487.  Accordingly, in this case, to the extent Plaintiff's claims attack the validity and consequences of a state court criminal judgment, the Court is without jurisdiction to consider Plaintiff's claims.

Additionally, Plaintiff's state court proceeding is evidently ongoing as he has initiated a post-conviction review proceeding.  As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding, *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013), including certain proceedings involving the enforcement of state-court orders and judgments. *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192–93 (1st Cir. 2015). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly

and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation,* 794 F.3d at 192, 197. Plaintiff does not allege any extraordinary circumstances that would establish an exception to the *Younger* doctrine. Abstention, therefore, is required. *See Munir v. Superior Ct.*, No. CV 22-57WES, 2022 WL 670888, at *2 (D.R.I. Mar. 7, 2022) (concluding that under the *Rooker-Feldman* and *Younger* doctrines, a pending state postconviction proceeding bars federal civil suits until the petition is "adjudicated to conclusion in the state court (including appeal, if available, to the state's highest court)").

Furthermore, Plaintiff has joined the State of Maine as a defendant. The State of Maine is immune from suit in this Court under the doctrine of sovereign immunity exemplified by the Eleventh Amendment to the United States Constitution. The State of Maine has immunity against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail in federal court on federal claims asserted against the State, absent waiver of immunity.[2]

---

[2] Sovereign immunity may be waived by a state in some circumstances. For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity to causes of action expressly authorized by Congress in the context of such programs. *See, e.g., Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) (providing as examples the Individuals with Disabilities in Education Act and the Rehabilitation Act). *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government

Finally, Plaintiff named a district attorney and the state attorney general as defendants. To the extent Plaintiff seeks compensation in the form of monetary relief from them in their personal capacities, the state attorney general and the district attorney are entitled to absolute prosecutorial immunity regarding charging decisions or other similar roles in the state proceedings against Plaintiff because the alleged facts do not support a plausible inference of conduct exceeding traditional prosecutorial duties. *See generally*, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). To the extent Plaintiff seeks monetary relief from the individuals in their official capacities, the claim would in essence be a claim against the State barred by its sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 10th day of January, 2025.