UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH PAUL COUNTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00361-JAW |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

A federal magistrate judge recommends the dismissal of a complaint brought by an incarcerated individual against the state of Maine, the state attorney general, and a district attorney, challenging a state court conviction.  Having performed a de novo review, the federal district court affirms the magistrate judge's recommended decision over the plaintiff's objection.

I.      **PROCEDURAL HISTORY**

On October 28, 2024, Joseph Paul Counts, who is currently incarcerated in Mt. Vernon, Illinois, brought a complaint against the state of Maine, Maine Attorney General Aaron M. Frey, and Washington County District Attorney Robert Granger, challenging a state court conviction.  *Compl.* at 2-3 (ECF No. 1).  Mr. Counts moved to proceed in forma pauperis on October 28, 2024, *Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 2), and the next day the United States Magistrate Judge granted his motion and ordered Mr. Counts to notify the Court no later than November 19, 2024 whether he intended to incur the cost of the filing fee

and proceed with this action, or whether he intended to forego litigation at this time. *Order* at 2 (ECF No. 3) (*Nov. 19, 2024 Order*).

Subsequently, on November 18, 2024, Mr. Counts filed a motion to alter or amend judgment or relief from order, asking the Court to relieve him of the obligation to pay the filing fee. *Pl. Joseph Paul Counts' Mot. to Alter or Amend Judgment Rule 59(e) or Relief from Order Under Rule 60(b)(1)* (ECF No. 4). The Magistrate Judge denied Mr. Counts's motion to amend or for relief from order on November 21, 2024. *Order* (ECF No. 5).

On December 3, 2024, after the November 19, 2024 deadline had passed without an update from Mr. Counts, the Magistrate Judge ordered the Plaintiff to show cause in writing by or before December 17, 2024 as to why he had failed to comply with the Magistrate Judge's October 29, 2024 order. *Order to Show Cause* (ECF No. 6). Mr. Counts responded in compliance on December 23, 2024, and moved to proceed without prepayment of fees and costs on the same day. *Def. Joseph Counts' Mot. to Show Cause and Reconsider with Updated Status* (ECF No. 9); *Application to Proceed Without Prepayment of Fees and Aff.* (ECF No. 10). The Magistrate Judge granted Mr. Counts's motion to proceed in forma pauperis on January 10, 2025. *Order* (ECF No. 14).

Pursuant to 28 U.S.C. § 1915(e)(2), the statute that governs matters filed without the prepayment of fees, courts are authorized to conduct a preliminary review of a complaint when a plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2). On January 10, 2025, after performing such a preliminary review, the Magistrate

Judge recommended the Court dismiss the complaint. *Recommended Decision After Rev. of Pl.'s Compl.* (ECF No. 13) (*Recommended Decision*). Because a Magistrate Judge reviewed Mr. Counts's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Counts had a right to de novo review by the district judge upon filing an objection within fourteen days of being served. *See* 28 U.S.C. § 636(b)(1)(C). On January 20, 2025, the Court granted Mr. Counts an extension until February 28, 2025 to file any objection to the Recommended Decision. *Order* (ECF No. 16). Mr. Counts filed an untimely objection on March 6, 2025, without requesting or being granted a further extension. *Pl. Joseph Counts' Objs. to Mag. J.'s Recommended Decision* (ECF No. 17).

Nevertheless, in line with the First Circuit's instruction to district courts reviewing pro se pleadings to construe these submissions liberally, *see Sanchez v. Brown Univ.*, No. 23-1983, 2024 U.S. App. LEXIS 15530, at *1 (1st Cir. 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and the First Circuit's inclination to "dispos[e] of claims on the merits rather than on the basis of technicalities," *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1994) ("Our federal rules promote the disposition of claims on the merits rather than on the basis of technicalities, and courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits") (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)), the Court in its discretion declines to reject Mr. Counts's objection based on its untimeliness and instead reviews its contents for their merits.

## II.    THE PARTIES' POSITIONS

### A.      The Magistrate Judge's Recommended Decision

The Magistrate Judge recommends the Court dismiss Mr. Counts's complaint alleging he was convicted of a crime in state court, has "tried to remedy it several times to no avail," was subsequently wrongfully charged with a crime based on the prior wrongful conviction, and while the wrongful conviction has ben corrected, he continues to experience consequences from the conviction, which he is attempting to address through a state court post-conviction relief proceeding.  *Recommended Decision* at 2 (quoting and then citing *Compl.* at 3).

The Magistrate Judge characterizes Mr. Counts's claims as "follow[ing] and appear[ing] to challenge in some way a state court conviction," and thus determines that dismissal is warranted pursuant to the *Rooker-Feldman* doctrine, which "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments."  *Id.* at 3 (quoting *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted by Magistrate Judge)); citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).  The Magistrate Judge concludes that "[t]he proper avenues for attacking a [state-court] criminal judgment are a direct appeal or . . . a habeas corpus petition."  *Id.* (citing *Olson v. United States*, Civ. Action No. 06-0565 (JR), 2006 U.S. Dist. LEXIS 84650, at *3 (D.D.C. Nov. 21, 2006) (citation amended); *Heck v. Humphrey*, 512 U.S. 477 (1994)).  The Magistrate Judge adds that

Mr. Counts has himself commenced a post-conviction review proceeding in state court. *Id.* at 4.

Furthermore, the Magistrate Judge recommends the Court dismiss the Plaintiff's complaint because his state court proceeding "is evidently ongoing as he has initiated a post-conviction review proceeding," and *Younger v. Harris*, 401 U.S. 37 (1971) generally requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous enforcement proceeding." *Id.* Under the *Younger* doctrine, the Magistrate Judge states that abstention is mandatory absent "extraordinary circumstances," none of which Mr. Counts alleges is present here and "[a]bstention, therefore, is required." *Id.* at 4-5 (citing *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015); *Munir v. R.I. Super. Ct.*, C.A. No. 22-57WES, 2022 U.S. Dist. LEXIS 39380, at *4 (D.R.I. Mar. 7, 2022) (citation amended)).

Insofar as Mr. Counts's complaint could be construed as raising a claim for damages pursuant to 42 U.S.C. § 1983, the Magistrate Judge determines this warrants dismissal based on the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), "because an award of damages on such a claim would implicitly invalidate the conviction." *Id.* at 4. The Magistrate Judge explained that "the Supreme Court determined that the plaintiff [challenging his state-court conviction] must first obtain relief from the conviction through state or federal habeas proceedings . . .before seeking a remedy under § 1983." *Id.* (citing *Heck*, 512 U.S. at 487). Thus, in this case, "to the extent Plaintiff's claims attack the validity and

consequences of a state court criminal judgment, the Court is without jurisdiction to consider Plaintiff's claims." *Id.*

Observing that the Plaintiff joined the state of Maine as a Defendant, the Magistrate Judge additionally determines that the state of Maine is immune from this suit under the Eleventh Amendment's doctrine of sovereign immunity, which the State has not waived here. *Id.* at 5 & n.2 (citing, e.g., *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n.6 (1st Cir. 2009)). Similarly, to the extent Mr. Counts seeks monetary compensation from a district attorney and the state attorney general, each of whom Mr. Counts names as Defendants in this suit, both are entitled to absolute prosecutorial immunity regarding charging decisions or other similar roles in the state proceedings against the Plaintiff "because the alleged facts do not support a plausible inference of conduct exceeding traditional prosecutorial duties." *Id.* at 6 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Further, to the extent Mr. Counts seeks monetary relief from these individuals in their official capacities, the Magistrate Judge concludes the claim would in essence be a claim against the State which is barred by sovereign immunity. *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

For all these reasons, the Magistrate Judge recommends the Court dismiss Mr. Counts's complaint in its entirety. *Id.*

### B.    Joseph Paul Counts's Objection

Mr. Counts provides seven grounds for his objection to the Recommended Decision, one of which is a blanket objection to the Magistrate Judge's recommendation that his complaint be dismissed. *Pl.'s Obj.* ¶¶ 1-7.

First, the Plaintiff objects to the recommendation of dismissal based on "factual omissions," *id.* ¶ 1 (capitalization altered), alleging the Magistrate Judge "completely omits all the facts that give this court jurisdiction [and that] precedent has already permitted." *Id.* (citing *Recommended Decision* at 2). Mr. Counts rejects the Magistrate Judge's application of *Rooker-Feldman*, claiming the Court maintains jurisdiction under 28 U.S.C. § 1331. *Id.*

Second, Mr. Counts objects on the grounds of "improper court procedure," claiming "[g]iven the amount of fact[s] [he] provide[d] in his initial filing, the defendants should be left to file a motion under Me[.] Rule Civ. P. 12 for a more definitive statement versus the magistrate acting as ward over the state and county in the instant action." *Id.* ¶ 2 (capitalization altered).

Third, Mr. Counts objects to the form he used to file his complaint, saying the Court provided him this form and it indicates a claimant should not "give any legal arguments or cite any cases or statutes" and should state the facts "as briefly as possible." *Id.* ¶ 3. He claims that following these instructions caused him to omit particular facts which may have resulted in a more favorable decision from the Magistrate Judge, citing a Seventh Circuit decision which Mr. Counts claims "plac[e]s the magistrate in the wrong hemisphere with his recommended decision." *Id.* (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (citation amended)).

7

Fourth, the Plaintiff objects to the Magistrate Judge's application of the *Younger* doctrine on the grounds that the three recognized exceptions to *Younger* require legal citations, which the complaint form he used instructed claimants not to use. *Id.* ¶ 4. "[I]f courts generally find the pen mightier than the sword, then myself and the rest of the American people are going to have a serious problem understanding how the courts don't see where and when a defendant is being pencil whipped in state court proceedings," Mr. Counts says. *Id.*

Fifth, Mr. Counts objects to recommendation that the Court dismiss the state of Maine as a defendant pursuant to the Eleventh Amendment's grant of sovereign immunity. *Id.* ¶ 5. Referencing the first ten amendments to the United States Constitution, as well as the Supreme Court's recent overturning of the doctrine of *Chevron*[1] deference in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), Mr. Counts suggests that the Magistrate Judge only came to his recommendation of dismissal by overlooking the substantive rights enshrined in the Bill of Rights and by overstepping the new balance of separation of powers as outlined by the Supreme Court in *Loper Bright*. *Id.*

Mr. Counts objects on the sixth ground that the Magistrate Judge misunderstood who the Plaintiff intended to name as Defendants to his suit. *Id.* ¶ 6. As to the Magistrate Judge's statement that a state attorney general and a county district attorney are protected by prosecutorial immunity, Mr. Counts says "it was claimant's intention merely to name them as responding parties as they are not listed

---

[1]    *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

on the cover of the complaint as defendants" and the Magistrate Judge should have given him the opportunity to amend his complaint "specifically to address the personal and/or subject matter jurisdiction this court has over the State and County" pursuant to the Seventh Circuit's decision in *Tate*, 809 F.3d at 346. *Id.*

Finally, at bottom, Mr. Count objects to the Recommended Decision in its entirety and "demands it be disregarded[] while jurisdiction under 28 [U.S.C.] [§] 1331 be applied." *Id.* ¶ 7.

## III.  LEGAL STANDARD

Mr. Counts objected to the Magistrate Judge's Recommended Decision, which the Court in its discretion construes as timely filed, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

## IV.  DISCUSSION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the

Recommended Decision of the Magistrate Judge over the Plaintiff's objection and
determines that no further proceedings are necessary. *See J.C.D.*, 861 F.3d at 6.

Mr. Counts's first objection to the Recommended Decision appears to be that
the Magistrate Judge erred in applying the *Rooker-Feldman* doctrine because this
Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Pl.'s Obj.* ¶ 1. 28 U.S.C. § 1331
provides that "[t]he district courts shall have original jurisdiction of all civil actions
arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §
1331. While Mr. Counts is correct that federal question jurisdiction can provide a
federal court with subject-matter jurisdiction over a dispute, he misunderstands that
this jurisdiction is not limitless, and that the *Rooker-Feldman* doctrine is one such
limit. *See Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 30 (1st Cir. 2020) ("'Federal
courts are courts of limited jurisdiction.' Thus, jurisdictional boundaries must be
scrupulously observed") (quoting *Rhode Island v. EPA*, 378 F.3d 19, 22 (1st Cir.
2004)). As the Magistrate Judge discusses, *Rooker-Feldman* "is confined to cases of
the kind from which the doctrine acquired its name: cases brought by state-court
losers complaining of injuries caused by state-court judgments rendered before the
district court proceedings commenced and inviting district court review and rejection
of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,
283 (2005) (citations omitted); *accord, e.g.*, *Hill v. Town of Conway*, 193 F.3d 33, 39
(1st Cir. 1999) (holding that *Rooker-Feldman* "forecloses district court jurisdiction of
claims that are 'inextricably intertwined' with the claims adjudicated in a state
court") (quoting *Feldman*, 460 U.S. at 483 n.16); *Mills v. Harmon Law Offices, P.C.*,

10

344 F.3d 42, 44 n.1 (1st Cir. 2003) (reiterating that *Rooker-Feldman* "implicates the court's subject matter jurisdiction"). For the reasons explained in depth by the Magistrate Judge in his well-reasoned Recommended Decision, *Rooker-Feldman* clearly applies to the present action, where Mr. Counts appears to attack a state-court judgment.

Mr. Counts's second objection appears to be that the Magistrate Judge should have sua sponte directed the Defendants to file a motion for a more definite statement under Rule 12, rather than issuing his Recommended Decision after a preliminary review. *Pl.'s Obj.* ¶ 2. However, as the Magistrate Judge explained to Mr. Counts more than once, by electing to bring his case without the prepayment of fees, an initial review pursuant to 28 U.S.C. § 1915(e) was the proper next step. *Nov. 19, 2024 Order*; *Order to Show Cause*. That is what happened here.

Mr. Counts's third objection is an objection to the form he used to submit his complaint; it is not an objection to the Recommended Complaint. *Pl.'s Obj.* ¶ 3. The Plaintiff complains that the form he used instructed him to not provide legal argument or cite cases or statutes, and argues that, but-for this form's instructions, he may have provided additional facts which could have resulted in a more favorable ruling. In support, he directs the Court to a Seventh Circuit decision, *Tate v. SCR Medical Transportation*, 809 F.3d 343 (7th Cir. 2015). Mr. Counts's objection to the form he used—namely, that the form instructs a claimant to omit mention of legal authority—does not align with his claim that, absent this instruction, he may have included more facts. The form specifically instructs a petitioner to "[s]tate here as

briefly as possible the <u>facts</u> of your case," *Compl.* at 3 (emphasis in original), and thus the Court does not see how remedying the proffered issue with the form's language would have led to a different result. Insofar as Mr. Counts means to object to the form on the ground that, rather than instructing the omission of legal authority, it instructs claimants to state their factual allegations "briefly," it is, in every case, the responsibility of the plaintiff to identify the facts they need to share to support their case. *See* FED. R. CIV. P. 8(a)(2) (a complaint must contain, at minimum, "a short and plain statement of the claim showing that the pleader is entitled to relief"). Further, the Court notes that the prompt Mr. Counts identifies proceeds to say "[u]se as much space as you need [and] attach extra sheet if necessary." *Compl.* at 3.

Mr. Counts's citation to a Seventh Circuit decision does not convince the Court otherwise. Indeed, in *Tate*, 809 F.3d 343, Judge Posner remanded a district judge's dismissal of a complaint after preliminary review, determining the district court's determination that the plaintiff, who relied on a form complaint supplied by the court, had pleaded insufficient factual matter. *Id.* 344-46. Emphasizing the "undemanding standard" of a 28 U.S.C. § 1915(e) review, Judge Posner noted that the "complaint form supplied to [the plaintiff] by the district court . . . .. does not require, or indeed permit, extensive factual detail, for it provides only six lines for listing 'the facts supporting the plaintiff's claim. . . ." *Id.* at 345-46. As noted above, the form complaint Mr. Counts used in fact encourages the claimant to "[u]se as much space as you need [and] attach extra sheet if necessary." *Compl.* at 3. Setting aside the issue that this Court does not sit within the Seventh Circuit, *Tate* involved analysis of a different

form complaint than the one Mr. Counts takes issue with here, and is thus distinguishable on this important point.

Mr. Counts's fourth objection to the Recommended Decision concerns the Magistrate Judge's application of the *Younger* doctrine, seemingly on the ground that the form the Plaintiff filled out instructed the omission of legal authority, but the recognized exceptions for *Younger* require citations to legal authority. *Pl.'s Obj.* ¶ 4. The Court does not credit this objection. The Magistrate Judge says "[a]bstention is mandatory absent 'extraordinary circumstances' such as: (1) an action 'brought in bad faith . . . for the purpose of harassment,' (2) 'the state forum provides inadequate protection of federal rights,' or (3) the challenged 'state statute is flagrantly and patently violative of express constitutional prohibitions' or there is 'a facially conclusive claim of [federal] preemption.'" *Recommended Decision* at 4-5 (quoting *Sirva Relocation*, 794 F.3d at 192, 197). By the Court's reckoning, the first two "extraordinary circumstances" clearly rely on factual, not legal, allegations, and the third has no relevance to the present case. *Younger* is clearly applicable to this case, for the reasons explained by the Magistrate Judge.

Mr. Counts's fifth objection complains that the Magistrate Judge's focus on Eleventh Amendment sovereign immunity is misplaced because it overlooks the Bill of Rights and the Supreme Court's recent overturn of the *Chevron* deference doctrine. *Pl.'s Obj.* ¶ 5. This objection is similarly unavailing. For the reasons explained by the Magistrate Judge, in some detail, the state of Maine has sovereign immunity from this suit.

Mr. Counts's sixth objection is that the Magistrate Judge misunderstood the
identities of the Defendants in this suit, and, further, that the Plaintiff should have
been given an opportunity to amend his complaint to address any defects with
jurisdiction pursuant to the Seventh Circuit's decision in *Tate*, 809 F.3d at 346. *Pl.'s
Obj.* ¶ 6. As explained above, the Magistrate Judge followed proper procedure in
conducting a 28 U.S.C. § 1915(e) review and he had no obligation to invite the Plaintiff
to amend his complaint. The Seventh Circuit's decision otherwise, on facts different
from those of this case, do not convince the Court to the contrary.

Mr. Counts's seventh objection is a blanket rejection of the Magistrate Judge's
recommendation of dismissal on the ground that "jurisdiction under 28 [U.S.C.] [§]
1331 be applied." *Pl.'s Obj.* ¶ 7. The Court discussed the limits of federal-question
jurisdiction above in regards to *Rooker-Feldman* and does not repeat the same
analysis here.

After reviewing Mr. Counts's pleaded pathways to relief and the relevant legal
authority de novo, the Court now affirms the Magistrate Judge's Recommended
Decision for the reasons stated within the same and addressed in this order. Mr.
Counts's objections have not convinced the Court that the Recommended Decision
errs in any way, and the Court agrees with the Magistrate Judge, for the numerous
reasons explained in detail in his Recommended Decision, that Mr. Counts's
complaint warrants dismissal.

## V.    CONCLUSION

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS the Recommended Decision After Review of Plaintiff's Complaint (ECF No. 13), OVERRULES Plaintiff Joseph Paul Counts' Objection to Magistrate Judge's Recommended Decision (ECF No. 17), and accordingly DISMISSES without prejudice the Plaintiff's Complaint (ECF No. 1). No Certificate of Appealability should issue because there is no substantial issue that could be presented on appeal. *See* FED. R. APP. P. 22 and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. Section 2254 or Section 2255.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2025